IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDWARD A. BARSCH,

        Plaintiff,

   v.

MICHAEL O'TOOLE, et al.,

        Defendants.
                                            /

No. C 07-00615 SI

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND GRANTING REQUEST FOR JUDICIAL NOTICE**

Defendants have filed a motion to dismiss the complaint. The motion is scheduled for a hearing on June 22, 2007. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court DENIES the motion.

**BACKGROUND**[1]

Pro se plaintiff Edward Barsch is the father of Jean and Wayne Barsch. On January 31, 2006, Jean contacted the Hayward Police Department (HPD) and told the police that her brother, Wayne, had threatened to kill her. Complaint ¶ 19. The complaint alleges that on that same day Wayne arrived at plaintiff's home, and plaintiff realized that Wayne was having a "psychotic incident." *Id*. Plaintiff left Wayne at the house and went to the Hayward Police Station to notify them of Wayne's condition and recommend that they take him into temporary protective custody. *Id*. The complaint further alleges,

---

[1] The facts are taken largely from plaintiff's complaint. Plaintiff attached copies of several Hayward Police Department reports to the complaint, and defendants have separately submitted these reports, as well as other evidence, in support of the motion to dismiss. To the extent the parties' evidence provides a factual context for plaintiff's allegations, the Court will consider these documents for that limited purpose. However, to the extent the parties dispute the facts, the Court may not resolve these disputes on a motion to dismiss and must instead assume the truth of plaintiff's allegations.

"[i]nstead the Hayward Police mounted a full scale swat team assault to take [Wayne] into custody. The swat team had plaintiff's residence under surveillance since earlier in the day as a result of Jean Barsch's complaint to the Hayward Police." *Id*.

After police officers arrested Wayne outside of plaintiff's house, the police conducted a warrantless search of the home and seized numerous firearms. The complaint alleges,

> While I was at the Hayward Police Station Wayne Barsch left plaintiff's house and was outside on the public sidewalk talking to a neighbor. The swat team took him into custody without incident. After taking Wayne Barsch into custody the Hayward Police then entered my house without warrant, probable cause or other extenuating circumstances. The Hayward Police delayed plaintiff's returning to plaintiff's home until well after they had illegally entered my home. The police confiscated the firearm collection[2] that had been returned two days earlier plus searched plaintiff's home and confiscated some of my personal firearms plus other property that was not firearms such as an air rifle and other non-firearms. While the police were still in plaintiff's house I asked for an inventory of all material taken from my home. That request was refused.

*Id*. The complaint further alleges that the HPD subsequently provided four different reasons – all false – regarding why they searched plaintiff's house. *Id*.

Wayne was criminally prosecuted for possession of assault weapons, criminal threats, violation of a court order, and being a convicted felon in possession of a firearm. *See* Hom Decl. Ex. B. Following his conviction, the seized weapons were sold or destroyed pursuant to court orders issued by the Alameda Superior Court. *Id*.

In February 2006 plaintiff filed two written complaints with the HPD regarding the search of his home and the seizure of the firearms, and alleging that the police reports contained false statements. *See* Complaint Ex. C, D. The City of Hayward rejected both complaints on March 22, 2006. *Id*. Ex. D. The "Notice of Rejection of Claim" states, in relevant part,

> Subject to certain exceptions, you have only six months from the date this notice was

---

[2] According to the complaint, in 1997 Novato police officers confiscated "a gun safe containing a firearm collection of about 26 various types of firearms and other types of weapons," and "as part of the conditions for return of the gun safe the Novato California Police Department extracted a promise from the plaintiff that the gun safe and contents would not be stored within the city limits of Novato, California." *Id*. The complaint states that Jean Barsch stored the firearms collection at her house for a while, and that on January 29, 2006, Jean brought the collection to plaintiff's house in Hayward. *Id*.
The police reports attached to the complaint state that the firearms collection belonged to Wayne. *See id.* Ex. A at 5. The official police report states that thirty-five firearms were recovered from plaintiff's house, including four illegal assault weapons. Luevano Decl., Ex. A, at 11-12. Of these, the police report states that six were registered to Wayne and the rest came back unregistered. *Id.* at 12. Plaintiff alleges that he owned at least some of the firearms that were seized from his house.

2

personally delivered or deposited in the mail to file an action in the California state court on this claim. (See California Government Code, section 945.6.) This warning does not apply to statutes of limitations for federal causes of action.

*Id.* The proof of service attached to the Notice of Rejection of Claim states that the Notice was served on plaintiff by mail on March 22, 2006. *Id.*

Plaintiff filed this lawsuit on January 30, 2007, alleging claims under 42 U.S.C. § 1983 for violations of the First, Second, Fourth, and Fifth Amendments of the United States Constitution, and various claims under California Law. Defendants move to dismiss the complaint for failure to comply with the California Tort Claims Act. Defendants also move to dismiss the federal claims for failure to state a claim upon which relief can be granted.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings. *See United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

**I.  Failure to comply with the California Tort Claims Act**

Defendants argue that plaintiff's claims are barred by his failure to comply with the presentment requirements of the California Tort Claims Act. In particular, defendants argue that plaintiff failed to file suit within the six month time-frame mandated by Section 911.2 of the California Government Code. To the extent that defendants seek to dismiss plaintiff's § 1983 claims on this basis, the Court finds defendant's motion lacks merit. As an initial matter, the Court notes that the Notice of Rejection of Claims explicitly states that the requirement to file a lawsuit within six months "does not apply to statutes of limitations for federal causes of action." Hom Decl., Ex. D. Moreover, the Ninth Circuit has held that the California Tort Claims Act does not apply to § 1983 claims. *See Harding v. Galceran*, 889 F.2d 906 (9th Cir. 1989) (California Tort Claims Act preempted as inconsistent with the purpose and nature of § 1983 actions).

However, the Court agrees that any state claims would be barred by plaintiff's failure to comply with the presentment requirements. The California Tort Claims Act provides, in pertinent part, that "no suit for money or damages may be brought against a public entity on a cause of action [against a public entity or employee] until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board . . . ." Cal. Gov. Code § 945.4. If a claim is rejected, the public entity must provide written notice. *See id.* § 913. "Such notice may be in substantially the following form:"

> Notice is hereby given that the claim which you presented to the (insert title of board or officer) on (indicate date) was (indicate whether rejected, allowed, allowed in the amount of $_____ _____ and rejected as to the balance, rejected by operation of law, or other appropriate language, whichever is applicable) on (indicate date of action or rejection by operation of law).

*Id.* Section 913 also requires that a rejection notice state:

> Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code Section 945.6.
>
> WARNING
>
> You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

4

*Id.*

Plaintiff timely filed his complaint with the HPD. The City of Hayward complied with the requirements of Section 913 in its March 22, 2006 rejection of plaintiff's complaint. The City served the written notice of rejection on plaintiff by mail at his residence. Hom Decl., Ex. D. Plaintiff claims in his opposition that the Proof of Service is unsigned, and therefore that it is invalid. However, the Proof of Service was signed. *See* Hom. Decl., Ex. D. Plaintiff was thus put on notice that he had only six months to file an action in California court based on his claim. Plaintiff has not presented any reason to discount defendants' evidence. Plaintiff did not file a state law claim within that six month period, therefore he is barred from doing so now.[3]

## II. Failure to state a claim

Defendants advance three grounds for dismissing plaintiff's § 1983 claims. First, defendants argue that plaintiff's claims alleging violations of the First, Second, Fourth and Fifth Amendments should be dismissed because plaintiff "received all the process that is due" with regard to the seized firearms.[4] Motion at 8. However, whether the weapons were properly seized and sold is disputed, and at this state of the litigation the Court cannot resolve this factual question.

Second, defendants assert that the "legal principles of collateral estoppel and/or res judicata serve as a complete bar to Edward relitigating issues already disposed of in a prior court proceeding." Motion at 8. Defendants apparently contend that the criminal prosecution of Wayne bars plaintiff's claims in this case. Aside from submitting various documents associated with Wayne's criminal case, defendants do not develop this argument either factually or legally. Defendants may renew this argument in a subsequent motion, if appropriate.

Finally, defendants argue that the Fourth Amendment claims fail because the search of plaintiff's

---

[3] The Court also notes that the only state claims alleged in the complaint are violations of the California Penal Code. The Court is not aware of any private right to sue for Penal Code violations.

[4] Defendants apparently construe these claims as solely alleging due process violations. Defendants have not cited any authority in support of their motion to dismiss these "due process" claims. While the Court has concerns about whether plaintiff can maintain § 1983 claims for violations of the First, Second, and Fifth Amendments, defendants have not advanced any basis for dismissal at this stage.

5

home and the seizure of firearms was reasonable, and relatedly because the officers are entitled to qualified immunity. Defendants have submitted extensive evidence outside the complaint and have asked the Court to examine the "totality of the circumstances" to find defendants' actions legal. However, where "the factual predicate for [defendant's] argument is not found in the complaint, but rather in the affidavits filed in support of [the] motion. . . [r]espondent must be given an opportunity to have discovery to test the accuracy and completeness of the factual basis for the immunity claim." *Anderson v. Creighton*, 483 U.S. 635, 658 (1987). Because defendants' Fourth Amendment arguments require a factual analysis outside the scope of complaint, defendants' motion is premature. Defendants may renew these contentions in connection with a motion for summary judgment and upon a proper factual record.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES defendants' 12(b)(6) motion to dismiss. [Docket No. 4.] The Court GRANTS defendants' request for judicial notice. [Docket No. 7.]

**IT IS SO ORDERED.**

Dated: June 21, 2007.

*Susan Illston*
SUSAN ILLSTON
United States District Judge

6