IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD A. BARSCH,<br><br>             Plaintiff,<br><br>   v.<br><br>MICHAEL O'TOOLE, et al.,<br><br>             Defendants.<br>_____/ | No. C 07-00615 SI<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S DUE PROCESS CLAIM** |

By order filed October 31, 2007, the Court granted in part defendants' motion for summary judgment, and directed further briefing on plaintiff's due process claim. The Court has reviewed the parties' supplemental papers and evidence, and for the reasons set forth below, GRANTS summary judgment in favor of defendants on plaintiffs' due process claim.[1]

## LEGAL STANDARD

Summary adjudication is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In a motion for summary judgment, "[if] the moving party for summary judgment meets its initial burden of identifying for the court those portions of the materials on file that it believes demonstrate the

---

[1] The Court notes that plaintiff's supplemental brief is largely devoted to arguing the merits of claims which were resolved in the October 31, 2007 order. In light of plaintiff's pro se status, the Court has considered those arguments. However, the Court finds no reason to change its analysis.

absence of any genuine issues of material fact, the burden of production then shifts so that the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial." *See T.W. Elec. Service, Inc., v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

In judging evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, and draws all inferences in the light most favorable to the non-moving party. *See T.W. Electric*, 809 F.2d at 630-31 (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348 (1986)); *Ting v. United States*, 927 F.2d 1504, 1509 (9th Cir. 1991). The evidence presented by the parties must be admissible. Fed. R. Civ. P. 56(e). Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

## DISCUSSION[2]

Plaintiff alleges that his rights were violated because he has been "unlawfully deprived of his property that was illegally removed from plaintiff's residence." Complaint at 11:13-14. The Complaint also alleges that "Court order H40751 dated 5/22/06 caused plaintiff's property to be sold and the proceeds given to Wayne Barsch. This was done in spite of plaintiff's written objection that such action was illegal." *Id*. at 11:14-17. Plaintiff's supplemental brief regarding the due process claim states, in its entirety:

> RE note 9. Plaintiff did not have a complete listing of property taken from plaintiff's residence until after this complaint was filed and defense counsel as part of their response furnished a full transcript of Wayne Barsch's trial which was over a year since the actual incident had occurred.
>
> Plaintiff filed with the Assistant District Attorney's office four documents relative to this incident by hand delivering said documents to the assistant district attorney's office in Hayward, Ca. These documents were never responded to or even acknowledged as having been received other than the date and time stamped by the clerk when plaintiff presented such documents to the Alameda County District Attorney's Hayward, Ca. office.

---

[2] The Court incorporates the background section of the October 31, 2007 order.

Supplement Brief at 6. Plaintiff has also submitted two invoices/shipping documents, one dated October 14, 1960, the other dated July 3, 1964, showing that firearms were shipped to Edward A. Barsch. Plaintiff's Request for Judicial Notice, "Enclosures 1 and 2."

"The base requirement of the Due Process Clause is that a person deprived of property be given an opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 983 (9th Cir. 1998) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). It is undisputed that plaintiff had notice that the weapons were seized in connection with the criminal case against his son Wayne. It is also undisputed that plaintiff knew that the weapons were subject to being sold and/or destroyed; plaintiff testified in his deposition that while the criminal case against Wayne was pending, he submitted letters to the District Attorney's Office asserting his ownership of the weapons. *See* November 5, 2007 Hom Decl., Ex. E (Barsch Depo. at 52). In addition, in the criminal case against Wayne, plaintiff filed, and subsequently withdrew, a demand for restitution from Wayne. *See* August 24, 2007 Hom Decl. Ex. B (May 22, 2006 transcript at 000067-68). Following Wayne's conviction, the seized weapons were sold or destroyed pursuant to court orders issued by the Alameda Superior Court. *See* May 4, 2007 Hom Decl. Ex. B at 000074-85.

On this record, the Court concludes that plaintiff has not raised a triable issue of fact to defeat summary judgment on his due process claim. Plaintiff has not submitted any evidence suggesting that he did not have notice or an opportunity to be heard on his claim that he was the rightful owner of the seized weapons prior to their sale/destruction. *Cf. Jordan v. City of Lake Oswego*, 734 F.2d 1374, 1376 (9th Cir. 1984) ("That he chose not to avail himself of this opportunity does not detract from our conclusion that the procedures utilized prior to his termination were sufficient to accord with the due process requirements of the federal Constitution.).

**CONCLUSION**

For the foregoing reasons, the Court hereby GRANTS defendants' motion for summary judgment on plaintiff's due process claim and consequently GRANTS defendants' motion for summary judgment in its entirety. (Docket No. 32). The Court GRANTS in part and DENIES in part plaintiff's request for judicial notice. The Court accepts into evidence the two invoices/shipping documents

attached to the request. However, the Court strikes the remainder of plaintiff's request as it contains improper argument.

**IT IS SO ORDERED.**

Dated: November 26, 2007

_____
SUSAN ILLSTON
United States District Judge